# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Edward C. Nix, Respondent.

Appellate Case No. 2024-002144

———————

Opinion No. 28286
Submitted May 22, 2025 – Filed June 11, 2025

———————

## PUBLIC REPRIMAND

———————

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Phylicia Yvette Christine
Coleman, both of Columbia, for the Office of
Disciplinary Counsel.

Beattie B. Ashmore, of Greenville, for Respondent.

———————

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to the imposition of a confidential admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## I.

On March 10, 2023, Respondent was pulled over for speeding by the Greenville County Sheriff's Office. Following a search incident to this traffic stop, Respondent was arrested and charged with one felony count of possession with intent to distribute LSD, along with misdemeanor charges for simple possession of marijuana, possession of an open container of beer or wine in a motor vehicle, and

speeding.  At the time of his arrest, Respondent was a solo practitioner.  On March 19, 2023, Respondent self-reported his arrest to the Office of Disciplinary Counsel. On April 3, 2023, the Court placed Respondent on interim suspension and appointed the Receiver to protect the interests of Respondent's clients.[1]  On May 1, 2024, Respondent's license was administratively suspended for failing to comply with continuing legal education requirements.[2]

In July 2024, Respondent successfully completed the Thirteenth Judicial Circuit's Pre-Trial Intervention Program (PTI).  As a result, Respondent's charges for possession with intent to distribute LSD, simple possession of marijuana, and open container were *nolle prossed*, and his speeding charge was dismissed.  All but the speeding charge have now been expunged.

On September 19, 2024, the Court granted Respondent's petition to lift his interim suspension.[3]  Respondent remains on administrative suspension.

## II.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (prohibiting a violation of the Rules of Professional Conduct); and Rule 8.4(b) (prohibiting a criminal act that reflects adversely on the lawyer's fitness to practice law).

Respondent also admits his misconduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline).
With respect to prior discipline, Respondent previously received a confidential admonition in 2020.[4]

---

[1] *In re Nix*, 439 S.C. 163, 886 S.E.2d 482 (2023).  The receivership was terminated by order of this Court dated September 11, 2024.

[2] *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated May 1, 2024.

[3] *In re Nix*, 444 S.C. 245, 906 S.E.2d 371 (2024).

[4] The 2020 confidential admonition cited the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(a) (requiring a lawyer to abide by a client's

In the Agreement, Respondent admits his wrongdoing; acknowledges that his criminal conduct reflects adversely on his fitness as a lawyer; and agrees to a confidential admonition or public reprimand. In addition to agreeing to pay the investigative and prosecutorial costs incurred in this matter, Respondent agrees to meet with Lawyers Helping Lawyers (LHL) within two months of the imposition of any sanction to undergo a drug abuse assessment in order to determine whether Respondent needs any additional services or treatment. Respondent likewise agrees to comply with any of LHL's recommendations.

## III.

We find Respondent's misconduct warrants a public reprimand.[5] Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission). As a condition of discipline, Respondent must also undergo a drug abuse assessment conducted by LHL within two months of this opinion to determine whether he needs any additional services or treatments. Respondent shall comply with any recommendations made by LHL, with Respondent's compliance to be monitored by the Commission.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**

---

decisions concerning the objectives of representation, subject to certain limitations); Rule 1.4 (requiring communication); Rule 1.16(a) (requiring an attorney to decline or terminate representation when the representation would violate the Rules of Professional Conduct, among other reasons); Rule 1.16(d) (requiring a lawyer, upon termination of representation, to surrender papers and property to which the client is entitled and refund any unearned fee or expense); Rule 5.5 (prohibiting a lawyer from assisting in the unauthorized practice of law); Rule 8.4(a) (prohibiting a violation of the Rules of Professional Conduct); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

[5] In finding this sanction appropriate, we emphasize that Respondent has been on some form of suspension (either interim, administrative, or both) since April 3, 2023. Had Respondent not been already suspended for over two years, it is likely that the outcome of this case would be different.